# Richmond

## J. A. WILLSON V. COMMONWEALTH.

March 16, 1933.

Present, All the Justices.

914

The opinion states the case.

*W. S. Woodworth*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused and W. R. Herron were jointly indicted upon the charge that they had in their possession ardent spirits. They were found guilty and their punishment fixed at a fine of $50.00 and in addition they were sentenced to serve a period of two months on the State convict road force. From the judgment of conviction, the accused, J. A. Willson, has applied for and obtained a writ of error. The case was tried by the court without the intervention of a jury.

The sole assignment of error is that the evidence is not sufficient to sustain a conviction of the accused.

When a criminal case is submitted to the court without the intervention of a jury, its judgment, upon issues of fact, is clothed with the same force and effect and is entitled to the same respect as the verdict of a jury, and if there is credible evidence supporting the judgment this court will not disturb it.

The evidence relied upon to sustain the conviction, eliminating the immaterial details, stated in a light favorable to the Commonwealth is as follows: Three officers executed a search warrant, which had been procured against the accused, searching a certain filling station and garage for ardent spirits. They found upon the premises seventeen

pints of whiskey, which had been concealed under the floor in the garage. Herron was in the act of replacing the floor boards when the officers came into the garage. The accused was standing some five or six feet away from the point where the whiskey was concealed, working at a work bench on a pattern for a device which he hoped to have patented. They were arrested and failed to make any explanation to the officers at the time.

The evidence of the Commonwealth fails to disclose who was in the lawful possession of the premises at the time Willson and Herron were placed under arrest. They had the reputation of violators of the prohibition law. At the trial, Herron entered a plea of guilty and admitted that the whiskey belonged to him. He testified that the accused had no interest in the whiskey and did not know that it was stored in the garage. The accused testified that he was not in the possession of the premises; that he had sold the business and transferred the lease to Herron, some two months before the search was made and that he was there at the time under the invitation of Herron, working at the bench on the pattern for the device he hoped to perfect. His testimony is not contradicted in any respect.

In order to sustain the conviction the Commonwealth relies upon these three facts: (a) The presence of the accused five or six feet from the point where the whiskey was concealed while Herron was replacing the floor boards over it. (b) The failure of the accused, at the time of his arrest to make any explanation to the arresting officers, and (c) his reputation as a violator of the prohibition laws. From the evidence of these facts, alone, it is sought to establish the guilt of the accused, but we do not think it is sufficient to prove his guilt beyond a reasonable doubt.

There being no evidence which shows, or tends to show that the accused had possession of the premises, no presumption that he was the possessor of the whiskey can arise. Proof of his presence in the garage is not sufficient

to establish his guilt and especially is this true where all of the evidence shows that he had no knowledge that the whiskey was in the garage. Likewise, failure of the accused to make an explanation to the arresting officers concerning the crime for which he was being arrested is not proof of guilt and while reputation evidence in a prohibition case is admissible and may be considered, it is not proof of guilt.

From the facts shown, no reasonable inference of guilt can be deduced which will be equivalent to proof of guilt beyond a reasonable doubt, which is always necessary. Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith. This is true no matter how suspicious circumstances may be.

It devolved upon the Commonwealth to prove that the whiskey was either in the accused's sole or joint possession, or that he had some interest in it, or that he aided and abetted some one else in its possession or ownership; or the facts proven surrounding his presence in the garage where the whiskey was situated must have been such that it would be reasonably inferred beyond a reasonable doubt that he possessed the whiskey or had some interest therein or that he aided and abetted the possessor or owner.

The case at bar is clearly under the control of the principles enunciated in *Spratley* v. *Com.*, 154 Va. 854, 152 S. E. 362.

If all of the testimony introduced by the Commonwealth is believed and all the reasonable inferences deduced therefrom are properly considered and allowed against the accused and if all of the testimony introduced in his behalf is discarded, the fact still remains that his guilt, as a matter of law, has not been proven beyond a reasonable doubt.

The judgment will be reversed and the case is remanded to the trial court with the direction that the prosecution of the accused be dismissed.

*Reversed.*