# Richmond

## A. L. DIXON v. COMMONWEALTH OF VIRGINIA.

March 22, 1934.

Present, All the Justices.

The opinion states the case.

*H. Rexford Taylor,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

On October 24, 1932, W. F. Lawson, sheriff of York county, and J. H. Charles, a prohibition officer, who were in a car driven by Charles, chanced to be upon one of the public roads of Warwick county. Two cars passed them, one a Ford roadster driven by Cliff Turner, followed immediately by a Packard touring car driven by the defendant. It was in the daytime and the officers recognized Dixon. His reputation as an habitual violator of the prohibition law was bad, and so they followed him. These two cars ahead were driven for a short distance down the State highway and from it into an ordinary dirt county road. The officers followed and came upon them in a short time parked by the road side and near each other. Both Dixon and Turner stood upon the ground, and Turner was in the act of handing out of his car to Dixon a bag in which was a five gallon jug full of whiskey. This was set down in the road and was there when the officers drove up. Dixon then got back into his car and drove rapidly away. In the Ford car were three other similar containers full of whiskey.

There were two trials, one before a trial justice and the other before the circuit court of Warwick county. In that court a jury found the defendant guilty and fixed his punishment at six months' imprisonment in jail, to which was added a fine of $250. The trial court confirmed this verdict, sent him to the State convict road force, and directed that he be held there until fine and costs had been paid or discharged and until he gave a bond in the penalty of $3,000, conditioned for good behavior, etc.

Charles, the prohibition officer, testified both before the trial justice and before the Circuit Court of Warwick county. There are some discrepancies in his evidence

given on these two occasions, but they are not material, and they went before the jury whose duty it was to sift and weigh them.

We need not undertake to discuss the burden which rests upon the Commonwealth in criminal cases. The jury must be satisfied of the guilt of the accused beyond a reasonable doubt. Such a conclusion must be supported by credible evidence and cannot rest upon conjecture or suspicion. *Triplett* v. *Commonwealth,* 141 Va. 577, 127 S. E. 486.

In *Wooden's Case,* 117 Va. 930, 86 S. E. 305, 306, Ann. Cas. 1917D, 1032, Judge Cardwell held that, "It is well settled by numerous cases that it is not sufficient to create a suspicion or probability of guilt, but the evidence must go further and exclude every reasonable hypothesis except that of guilt." That is to say, except that of guilt of the crime charged. This rule applies in full force to cases involving violation of the prohibition law, except where it is modified by statute. *Spratley* v. *Commonwealth,* 154 Va. 854, 152 S. E. 362. The failure of the accused to give any reasonable explanation of his conduct will not sustain a conviction, nor is evidence of ill repute enough. They are matters which the jury may and should consider. But after all they do not shift from the Commonwealth the burden which ordinarily rests upon it. *Willson* v. *Commonwealth,* 160 Va. 913, 168 S. E. 344.

Dixon's explanation is not impressive. He said that he was testing out his car which had recently been repaired, and in doing this undertook to see if he could keep pace with the Ford which was going by at a rapid rate. He said that in doing this he came upon it standing in the road and so perforce had to stop. He further said that he unloaded no liquor from the Ford car and had nothing whatever to do with it. He further denied that he ran away.

The jury found him guilty of transportation. Manifestly he was not guilty of that offense. The whiskey was not in his car, had never been in it, and was not being

placed there when the officers came up. Transportation does not begin until the article has been delivered to or tendered to and accepted by the carrier.

It is true that positive proof of actual motion is not necessary to establish the crime of transportation within the meaning of the statute.

"The loading of the car for such transportation was a part of the illegal transportation, just as the unloading of a car, at its point of destination, constitutes a part of the transportation." *Chrysler Roadster* v. *Commonwealth,* 152 Va. 508, 147 S. E. 243, 245. In that case the court told the jury:

"The court further instructs the jury that if any automobile is being used for the purpose of moving ardent spirits from one place to another that the transportation begins when the ardent spirits are loaded into the automibile and ends only when it is removed therefrom." To the same effect see *Seay* v. *Commonwealth,* 152 Va. 982, 146 S. E. 198, 61 A. L. R. 997.

Although not guilty of transportation, it is possible that the accused was guilty of an attempt.

In *Trent* v. *Commonwealth,* 155 Va. 1128, 156 S. E. 567, 569, we said: "Section 4 of the prohibition act (Acts 1924, chapter 407) provides in part as follows: 'On an indictment or information for the violation of any provisions of this act, the jury may find the defendant guilty of an attempt, or of being an accessory, and the punishment shall be the same as if the defendant were solely guilty of such violation.'

"The consummated crime and the attempt by statute stand upon exactly the same footing, and the punishment in each instance is the same.

"Into each indictment charging unlawful manufacture of intoxicants the statute writes the charge of an attempt, and so there is no variance in the verdict. The defendant did that with which he is charged." See, also, *Collins* v. *Radford,* 134 Va. 518, 113 S. E. 735; *Andrews* v. *Commonwealth,* 135 Va. 451, 115 S. E. 558.

If an attempt has been proven the judgment must stand.

In *Lynch* v. *Commonwealth,* 131 Va. 769, 109 S. E. 418, 420, quoting from Wharton's Criminal Law, section 181, the court said: "To make the act an indictable attempt it must be a cause as distinguished from a condition. And it must go so far that it must result in the crime unless frustrated by extraneous circumstances."

"An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." *Thacker* v. *Commonwealth,* 134 Va. 767, 114 S. E. 504, 505.

It is argued that the consummated offense here was frustrated by an extraneous circumstance, by the unexpected coming of the officers. This is possibly true, it is even probable, but it is not necessarily true. " * * * where a fact is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, they cannot arbitrarily adopt that interpretation which incriminates him." *Burton and Conquest* v. *Commonwealth,* 108 Va. 892, 62 S. E. 376, 379; *Mansfield* v. *Commonwealth,* 146 Va. 279, 135 S. E. 700.

When the court speaks of facts consistent with the innocence of the accused, it means no more than that they must be consistent with his innocence of the crime charged in the indictment. Here the crime charged was transportation and the case was tried upon that theory. It is possible that Dixon followed Turner from the highway into a byway that he might transfer this whiskey from Turner's car to his. But this also is possible: The Ford car and the Packard car, when first seen, were going down the road together. They passed officers who recognized them, and it is fair to assume that they recognized the officers. If this be true, what would have been a natural impulse? It would have been to dispose of this contraband liquor. They may have gone into this side road for

that purpose and stopped in the woods intending to hide it and were caught before their purpose was accomplished. It might be said that there was no reason to undertake to hide one jug, and that only one jug was taken out of the Ford car. But it is to be remembered that the officers came upon them when they were actually taking it out. They had no time in which to take out the other three. An attempt to hide whiskey is not necessarily an attempt to transport it.

All of this is but speculation; it is a reasonable hypothesis, however, and it is perfectly plain that if these men were trying to hide this liquor Dixon was not attempting to transport it. There is no evidence upon which any answer to these suggestions can be made with certainty, and, since the evidence does not support any certain verdict, it follows that the case must be reversed.

*Reversed.*