# Richmond

A. R. HAGY v. COMMONWEALTH OF VIRGINIA.

March 11, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*H. E. Widener* and *Warren & Cantwell,* for the plaintiff
in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly,
Jr., Special Assistant,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

A. R. Hagy complains of two judgments rendered against
him whereby he was convicted in each case of petit larceny.

Each of the warrants alleged that the accused unlawfully
and wilfully did take, steal, and carry away a certain sum of
money, the property of the Commonwealth of Virginia. The
Commonwealth based its prosecution under Va. Code 1936,
section 4459. And it was more specifically contended that
the accused had claimed and received, for attendance at two
terms of the Circuit Court of Buchanan county, a total mileage
and attendance allowance of $43.06 for traveling to that court,
held at Grundy, Virginia, from Lynchburg, Virginia, and
back, whereas, in fact, he had only traveled from a point in
near-by Washington county. The trial justice imposed a fine
of $25.00 and thirty days in jail in each case. On appeal to
the Circuit Court of Buchanan county, a like verdict was
found by a jury in each case, and judgments were accordingly
entered by the court.

Hagy, while residing in Washington county, had received
summonses to attend the trial of a certain case at Grundy, the
county seat of Buchanan county, for both the November,
1933, and April, 1934, terms of court. He responded to both
of these summonses, and thereafter he represented to the clerk
of the court that he had been compelled to travel on each
occasion from Lynchburg to attend the trials. The clerk of
the court accepted his statement, and paid him for his first
appearance $22.02, and for his second appearance the sum of
$21.04, covering the claimed mileage and attendance fees.

 The sole issue was whether or not the accused, by a

false pretense, obtained this money for mileage and attendance fees with an intent to defraud. The statement of the accused to the clerk of the court, in order to secure such fees, must be taken as true until it is overcome by competent evidence. The burden was upon the Commonwealth to prove beyond a reasonable doubt that false pretenses were used for the purpose of perpetrating a fraud, that an actual fraud was committed by means of such false pretenses, and that there was an intent to defraud. *Anable* v. *Commonwealth*, 24 Gratt. (65 Va.) 563.

■ ■ Especially it is the gravamen of the offense here charged that the representation made by the accused, that he was compelled to travel from Lynchburg to Grundy, is false and untrue, for this is the representation upon which he obtained his attendance fees. A number of witnesses testified that at various times near the dates when Hagy attended the court as a witness, he was seen in Washington county, but none of them was able to contradict his direct claim that it was necessary for him to make the trips from Lynchburg to attend the court in response to the summonses served on him. There is a seeming contradiction of the accused as to whom he worked for in Lynchburg, but that is insufficient to prove that Hagy did not, in fact, come from Lynchburg to attend the court. There was other evidence that Hagy, from time to time, actually did considerable traveling to various other points outside of his home county. Hagy did not testify at his trial. While there may be some suspicious circumstances connected with the case, not a single witness was found to testify that the accused did not make the trips for which he claimed the mileage and attendance fees. On this phase of the case the Commonwealth has failed to carry its burden.

■ The conclusion of guilt beyond a reasonable doubt must be supported by credible evidence, and cannot rest upon conjecture or suspicion. The evidence must go further than to create a suspicion or probability of guilt. *Triplett* v. *Commonwealth*, 141 Va. 577, 127 S. E. 486; *Dixon* v. *Commonwealth*, 162 Va. 798, 173 S. E. 521.

■ There is also an assignment of error that the trial court erred in the admission of certain collateral evidence with

reference to alleged actions of the accused in promoting the prosecution of the case in which he testified. It appears from. the record that the attorney for the Commonwealth in the trial court thought that Hagy had falsely inspired the proceeding in which he was summoned as a witness. In the attempt to prove this, considerable testimony was admitted over the objection of the accused. The record does not, however, show clearly the existence of such a fraudulent scheme, nor does the Commonwealth contend here that it was ever established clearly. This evidence appears to have been admitted by the trial court upon the theory that it tended to show the intent of the accused. Such evidence throws no light on the question as to whether or not the accused actually came to the court from Lynchburg. The false pretense necessary to be proven in the case before us was an intentional false representation as to the number of miles traveled by the witness. The attendance fees were not paid to Hagy upon any false representation that he induced the Commonwealth to institute another proceeding. The admission, therefore, of evidence that Hagy had engaged in an attempt to practice a fraud on the court in procuring a prosecution in another case, wherein he might be called as a witness, had no bearing on the issue on which he was tried, *viz.*, that he had secured mileage and attendance fees from the clerk of court upon a false representation as to the distance traveled with an intent to defraud.

While the evidence of Hagy's actions in the other prosecution may throw some light upon the character of the accused, his character was not in issue, since he did not even take the stand as a witness, nor offer any proof of good character. The collateral evidence of this nature and the argument of counsel based thereon were prejudicial and erroneous.

It follows that the two judgments of the trial court approving the verdict of the jury in each case under review, should be reversed, and the cases remanded for a new trial, if the Commonwealth should be advised that sufficient evidence can be produced to warrant a further prosecution.

*Reversed and remanded.*