211 So.2d 845 (1968)
Durwood MAY
v.
STATE of Mississippi.
No. 44919.
Supreme Court of Mississippi.
June 10, 1968.
Rehearing Denied July 8, 1968.
Walker & Sullivan, Mendenhall, for appellant.
Joe T. Patterson, Atty.Gen., by G. Garland Lyell, Jr., Asst.Atty.Gen. and Laurence Y. Mellen, Sp.Asst.Atty.Gen., Jackson, for appellee.
JONES, Justice.
This is the second appearance of this case in this Court, the first being reported in May v. State, 199 So.2d 635 (Miss. 1967). We suggest a reading of that opinion for a full understanding of the facts involved. We reversed the conviction of the appellant for murder and remanded the case for another trial.
*846 On a retrial, the appellant was again convicted in the Circuit Court of Simpson County and sentenced to life imprisonment. From this conviction, he appeals. We affirm.
On the new trial, the evidence which was ruled inadmissible on the first appeal, including photographs mentioned in the original opinion, was not introduced. Otherwise, the evidence was substantially the same as in the first trial. There are only three assignments of error on this appeal, only one of which we deem necessary to discuss.
The second assignment is that the lower court erred in allowing the cross-examination of appellant and rebuttal testimony about an allegedly remote previous difficulty and the details thereof. This has to do with the difficulty mentioned in the report of the original case relative to the appellant allegedly having shot at his wife and younger child while they were driving away from home in an automobile. The first case settled this issue by holding such evidence admissible. May v. State, Miss., 199 So.2d 635, 641 (1967).
The third assignment of error is that the lower court erred in refusing to direct a verdict of not guilty and in not granting a peremptory instruction for appellant. The argument under this assignment is based upon the rule in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). The same argument was made in the previous appearance of the case here and was settled by that decision. Id., 199 So.2d at 642.
The first assignment is that the court erred in allowing the state to prove and argue that appellant maintained his silence after the shooting and gave no explanation thereof in spite of the fact that his defense at the trial was that the shooting was an accident. The state did prove by some of the officers that when the appellant was arrested and in their custody he made no statement as to how the shooting occurred and consequently did not claim at that time that it was an accident.
Because he was under no duty then to speak and because his right to remain silent is protected by both the State and Federal Constitutions, the introduction of this testimony in chief would create a serious problem and, according to numerous cases, would be reversible error. E.g., Pierce v. State of Nebraska, 173 Neb. 319, 113 N.W.2d 333 (1962); Lee v. State, 148 Tex.Cr.R. 220, 185 S.W.2d 978 (1945); Willson v. Commonwealth, 160 Va. 913, 168 S.E. 344 (1933); Goodman v. State, 104 Tex.Cr.R. 589, 285 S.W. 821 (1926); Ripley v. State, 58 Tex.Cr.R. 489, 126 S.W. 586 (1910).
However, appellant took the stand to testify in his own behalf. Of course, he did not have to testify. It is generally held, and has been specifically held by this Court, that when the defendant voluntarily takes the witness stand, he waives all right to remain silent and is required to answer any questions relevant to the issue involved. In Autry v. State, 230 Miss. 421, 92 So.2d 856 (1957), this Court recognized, approved, and cited the rule as stated in 58 Am.Jur. Witnesses section 96 at P. 80. It was held that the waiver for the accused when he takes the stand is not partial, and, having once cast aside the cloak of immunity, he may not resume it at will whenver cross-examination may be inconvenient or embarrassing.
Having so waived his immunity by taking the witness stand, the appellant submitted himself to cross-examination during which he was asked about his remaining silent before the officers. His answer was that he did remain silent and that he had told no one of his claim of the shooting being accidental except his lawyer and his brother. This admission by the appellant rendered harmless the introduction by the state of the evidence of his silence, and the state had the right to argue it. Compare Patton v. State, 207 Miss. 120, 137, 41 So. *847 2d 55, 56 (1949). We are compelled to affirm the case.
Affirmed.
GILLESPIE, P.J., and BRADY, INZER and ROBERTSON, JJ., concur.