COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


VALETON PRATT

v.      Record No. 0793-94-2          MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                    OCTOBER 24, 1995


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                   Charles L. McCormick, III, Judge


            Buddy A. Ward, Public Defender (Robert H.
            Morrison, Assistant Public Defender; Office
            of the Public Defender, on brief), for
            appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Robert B. Condon, Assistant Attorney General,
            on brief), for appellee.


        Appellant appeals his conviction for possession of a firearm

after having been previously convicted of a felony on the ground

the evidence is not sufficient to support the conviction.  For

the reasons stated below, the conviction is affirmed.

        On November 14, 1993, officers of the South Hill Police

Department received a dispatch to investigate a report that a man

was holding "a gun or a knife on a female in a white vehicle"

located in the parking lot of a department store.

        When they arrived at the lot, the officers saw only one

occupied, white car parked there.  The passenger door was open.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Pratt was holding a baby and seated in the passenger's seat while his wife, the owner of the car, occupied the driver's seat. When the officers approached the vehicle, Pratt closed the passenger door. The officers approached the car and asked Pratt "to put the baby down."

As he exited the car, Pratt held the baby and the officers again requested that he put the baby down and "put his hands up." Officer Harris testified, "As [Pratt exited the car], we could see there was no weapon in his hands and [Pratt] was advised to put his hands on the trunk of the car. He refused, cursing and telling us to shoot him."

The officers handcuffed Pratt, but he "kept trying to get to the female stating that he just wanted to talk to his wife." Appellant refused to get into the police car and had to be restrained before he was transported to police headquarters.

Sergeant Sims testified that, "as a result of a witness' statement at the scene," he went into the vehicle and found a .25 caliber gun on "the floorboard right where the passenger's seat would have been where [Pratt] was sitting in the vehicle." The gun "was under the front edge of the seat directly underneath where the passenger would be sitting."

In reviewing the sufficiency of the evidence to support a conviction, this Court's analysis is guided by well-established principles.

> On appeal, we review the evidence in the
> light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citations ommitted).

We, as an appellate court, must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." "Additionally the credibility of witnesses and the weight to be given their testimony are questions exclusively within the province" of the fact finder.

May v. Commonwealth, 3 Va. App. 348, 355-56, 349 S.E.2d 428, 432 (1986) (citations ommitted).

The same legal principles involved in the constructive possession of controlled substances are applicable here. Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220-21 (1993).

Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Peterson v. Commonwealth, 5 Va. App. 389, 402, 363 S.E.2d 440, 448 (1987) (citations ommitted).

In determining whether Pratt constructively possessed a firearm, his proximity to the firearm and his occupancy and

- 3 -

ownership of the vehicle may also be considered.

> Ownership or occupancy of a vehicle or of premises . . . may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the [item]. Furthermore, proof that a person is in close proximity to the [item] is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of [the item] that is found there.

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 369 (1994) (en banc) (citations omitted).

The evidence in this case supports the trial court's finding that Pratt was aware of the presence and character of the firearm in the vehicle and that he exercised sufficient dominion and control over it to constitute constructive possession. The car in which the gun was found belonged to his wife. He occupied the car with her, sitting in close proximity to the gun, in an area which placed the gun within his immediate control. Pratt's acts, statements and conduct, when the police arrived on the scene, together with his wife's demeanor, clearly related to the reported abduction incident. From the evidence, and all the reasonable inferences to which the Commonwealth's evidence is entitled, it cannot be said that the trial court's conclusion that Pratt was aware of the presence and nature of the firearm and that he had exercised dominion and control over it was, as a matter of law, plainly wrong. See Adkins v. Commonwealth, 217

Va. 437, 438-39, 229 S.E.2d 869, 870 (1976).  Appellant's

conviction is therefore affirmed.

Affirmed.

Benton, J., dissenting.


"The Due Process Clause protects the accused against

conviction except upon proof beyond a reasonable doubt of every

fact necessary to constitute the crime with which he is charged."

In re Winship, 397 U.S. 358, 364 (1970).  The Supreme Court of

Virginia has consistently held that convictions may not be based

upon speculation, surmise, or conjecture.

> It is, of course, a truism of the criminal
> law that evidence is not sufficient to
> support a conviction if it engenders only a
> suspicion or even a probability of guilt.
> Conviction cannot rest upon conjecture.  The
> evidence must be such that it excludes every
> reasonable hypothesis of innocence.

Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533

(1951).  See also Hyde v. Commonwealth, 217 Va. 950, 955, 234

S.E.2d 74, 78 (1977).

These principles leave no room to doubt that in a case such

as this prosecution, where the Commonwealth relies upon

circumstantial evidence to prove guilt, the evidence must not

merely "raise a strong suspicion of guilt, . . . it [must be]

 . . . wholly inconsistent with the innocence of [the]

defendant."  Foster v. Commonwealth, 209 Va. 326, 330, 163 S.E.2d

601, 604 (1968).  In other words, to prove beyond a reasonable

doubt that Pratt possessed the gun, the Commonwealth was required to exclude every reasonable hypothesis that Pratt was unaware of the presence of the gun.

The Commonwealth has failed to "point to evidence of acts, statements, or conduct of [Pratt] or other facts or circumstances which tend to show that [Pratt] was aware of . . . the presence . . . of the [gun]." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). No evidence proved that Pratt owned the gun, possessed the gun, or knew that the gun was under the seat of the vehicle. Pratt's wife owned the vehicle. Proof that the gun was under the seat in his wife's vehicle merely established proximity, which "is not enough to establish possession." Id.

As the Supreme Court stated in Willson v. Commonwealth, 160 Va. 913, 917, 168 S.E. 344, 345 (1933), and as pertinent to this case, "[i]f all of the testimony introduced by the Commonwealth is believed and all the reasonable inferences deduced therefrom are properly considered and allowed against the accused and if all of the testimony introduced in his behalf is discarded, the fact still remains that his guilt, as a matter of law, has not been proven beyond a reasonable doubt." For these reasons, I would reverse the conviction.