COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Richmond, Virginia


ROY CARLTON DAVIS

v.    Record No. 0494-96-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
APRIL 22, 1997


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Clinton R. Shaw, Jr., for appellant.

Ruth Ann Morken, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.



Following a bench trial, appellant, Roy Carlton Davis, was

convicted of possession of cocaine with intent to distribute.

Appellant contends the evidence was insufficient to support his

conviction.  We disagree and affirm his conviction.

I.

At approximately 8:00 p.m. on August 21, 1995, Officer Hise

conducted drug surveillance in an area of Lynchburg known for

drug trafficking.  At 8:35 p.m., Hise noticed appellant approach

a pedestrian on the sidewalk near 409 Harrison Street.  The two

engaged in a brief conversation before appellant walked to the

downspout of the house at 409 Harrison, retrieved a small object

and returned to the pedestrian on the sidewalk with the object

concealed in the palm of his hand.  Hise saw appellant and the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pedestrian exchange objects in a manner which he did not mistake for a handshake. The pedestrian left, and appellant returned to the downspout where he again picked up an object and then returned it to the ground. Appellant then sat on the porch steps of 409 Harrison Street.

At 8:37 p.m., Hise observed appellant return to the downspout and, after looking each direction, pick up an object and then place it down. At 8:39 p.m., Hise observed appellant whistle at a passing vehicle. At 8:50 p.m., Hise saw appellant return to the downspout, retrieve an object from the ground and approach another individual across Harrison Street. Hise's view was obstructed by a fence, but within a few seconds he saw appellant return to the porch steps. At 8:56 p.m., Hise heard appellant whistle and yell, "yo," at a passing vehicle which then stopped. Hise saw appellant return to the downspout, pick up an object, handle it, place an object back down and approach the vehicle. Appellant and the vehicle's occupant engaged in a brief conversation before the two returned to the porch steps. Hise stated that as many as four other people sat on the porch during the course of these events. Hise testified, however, that appellant was the only person to approach the downspout area of the house. Hise testified that appellant's activity was consistent with his past experience observing drug transactions and that he believed appellant was selling cocaine.

Hise conveyed his suspicion and a description of appellant

to Officers Poindexter, Duff and King, who arrived within minutes. Officer Poindexter noticed appellant on the porch steps and observed him make a sweeping motion with his hand between his legs as the officers approached. She did not see an object discarded. Poindexter could not recall whether appellant sat alone as the officers approached; Hise testified that appellant sat with one other person when he contacted the officers. Poindexter approached the downspout area but found nothing out of the ordinary. She then shined her flashlight under the porch and found a baggie containing what would prove to be 1.1 grams of cocaine resting directly beneath appellant. Appellant stated that the cocaine was not his.

Officer Duff searched appellant and discovered a pager, $5 in his pocket, and $92 in his shoe. Testifying as an expert in drug transactions, Duff stated that the street value of a gram of crack cocaine was between $150 and $175 and that crack was typically purchased in ten, twenty or forty dollar units. Duff further testified that pagers are often used to facilitate drug transactions, and he described that street level crack cocaine deals often involve a brief conversation between buyer and seller to determine a price, followed by an exchange of drugs for money. He further stated that drug dealers often keep their drugs in a "stash," away from the transaction, rather than on their person.

Appellant testified in his defense and essentially refuted the Commonwealth's case, stating, inter alia, that he used a $100

bill to purchase $3 worth of beer and carried the remaining $97 in change and that he only once walked near the downspout on the side of the house to place a beer bottle in a trash can. He stated that he did not signal or approach any vehicles and that he left the porch only to greet a friend with a handshake. He further maintained that the pager was not his own.

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). "It is fundamental that `the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)).

In this case the Commonwealth relied wholly on

- 4 -

circumstantial evidence to prove that appellant possessed the cocaine found under the porch and that he intended to distribute it. As such, "`all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted); see also Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994). The Commonwealth, however, "`is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), cert. denied, 496 U.S. 911 (1990) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)). "The hypotheses which the prosecution must reasonably exclude are those `which flow from the evidence itself, and not from the imagination of defendant's counsel.'" Id. at 289-90, 373 S.E.2d at 338-39 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)). Whether an alternative hypothesis is a "reasonable hypothesis of innocence" is a question of fact. Cantrell, 7 Va. App. at 290, 373 S.E.2d at 339. Unless plainly wrong, a trial court's factual finding is binding on appeal. E.g., Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986).

As appellant concedes, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs [where they are found near an accused]." See, e.g., Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992).

> "To support a conviction based upon constructive possession, `the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Neither proximity to contraband nor presence on the premises where it is found are alone sufficient to establish constructive possession. E.g., Brown, 15 Va. App. at 9, 421 S.E.2d at 882-83. However, both proximity and presence are factors the trial court may consider in evaluating the totality of circumstances. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Brown, 15 Va. App. at 10, 421 S.E.2d at 883; Castaneda v. Commonwealth, 7 Va. App. 574, 584, 376 S.E.2d 82, 87 (1989). An accused's knowledge of the presence of contraband "may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of narcotics at the place where they were found.'" Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting People v.

<u>Pigrenet</u>, 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962)).

In light of these principles, we find that the record contains sufficient evidence to support the trial court's finding beyond a reasonable doubt that appellant possessed the cocaine found under the porch and that he intended to distribute it. The record supports only one explanation for appellant's activity in relation to the downspout and his engagement with passing motorists and pedestrians: appellant was dealing drugs. Officer Hise testified that appellant engaged numerous passers-by in conjunction with his repeated trips to retrieve objects near a downspout. Hise witnessed a transaction between appellant and a pedestrian that he did not mistake for a handshake. Hise testified that appellant's activity was consistent with other drug transactions he had witnessed. The activity described by Hise was consistent with Officer Duff's generic description of a drug transaction and his description of a drug dealer's use of a "stash." No reasonable, contrary hypothesis to explain appellant's activity flows from the evidence. Appellant's testimony, that he left the porch only once to discard a beer bottle and that he engaged no motorists and greeted only one pedestrian with a handshake, was wholly contradicted by the testimony of the officer. The trial court was entitled to conclude that appellant's conflicting testimony concerning his activity was untruthful and to infer from that determination that appellant was concealing his guilt. See <u>Speight v. Commonwealth</u>,

4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987).

The evidence of appellant's drug dealing is a significant circumstance establishing both that he possessed the cocaine found under the porch and that he intended to distribute it. The conclusion that appellant constructively possessed the cocaine found under the porch is further supported by Officer Poindexter's testimony. Poindexter observed appellant make a sweeping motion with his hand as if to discard something between his legs as the officers approached him; she then found the cocaine lying directly beneath appellant's seat on the porch. See Collins, 13 Va. App. at 178-79, 409 S.E.2d at 175-76. The testimony of the officers established that appellant shared the porch steps with at most one other person at the time the officers approached, not six as appellant described. Moreover, Poindexter testified that she saw no one other than appellant make a sweeping motion with his hand as if to discard something under the porch. The conclusion that appellant intended to distribute the cocaine is further supported by the presence of an unusual amount of money, reflecting, by inference, profit from sales, and the quantity of cocaine found, exceeding by nearly four times the amount typically purchased in an individual transaction. See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

The decision of the trial court is accordingly affirmed.

Affirmed.

Benton, J., dissenting.

The Supreme Court of Virginia has consistently held that convictions may not be based upon speculation, surmise, or conjecture.

> It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture. The evidence must be such that it excludes every reasonable hypothesis of innocence.

Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951); see also Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977). That holding is grounded in the constitutional principle that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged." In re Winship, 397 U.S. 358, 364 (1970).

"To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). Where the Commonwealth relies upon circumstantial evidence to prove guilt, that circumstantial evidence must be "wholly inconsistent with

the innocence of [the] defendant." Foster v. Commonwealth, 209 Va. 326, 330, 163 S.E.2d 601, 604 (1968). In other words, "'[w]here inferences are relied upon to establish [a factual element of the offense], they must point to [that fact] so clearly that any other conclusion would be inconsistent therewith.'" Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938) (citation omitted). Thus, "circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a [guilty] verdict" beyond a reasonable doubt. Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944).

The officer who was conducting the surveillance that evening testified that before Roy Carlton Davis sat on the steps, Davis walked several times to the drain pipe at the corner of the house, picked up something, and gave it to other people. However, the officer could not identify the item. Although the surveillance officer was watching Davis as Davis sat on the steps, he did not see Davis holding any item. Moreover, when the surveillance officer commanded the other officers to enter the area, he directed them to search the area by the drain pipe. When they searched the area of the drain pipe they found no drugs or contraband.

Davis was sitting on the steps when the officers arrived and went to the drain pipe. Another person was also sitting on the steps. Indeed, two to four people had earlier sat on the steps

at various times.  The surveillance officer was unsure of the conduct of those other people because his attention was primarily drawn to Davis.

Although the officer who went to search the drain pipe testified that she saw Davis make a "sweeping" motion with his hands between his legs while he was sitting on the steps, she saw nothing in Davis' hand.  After she went to the drain pipe and found nothing there, she returned to the steps of the house, shone her flashlight under the steps and discovered a plastic baggie of cocaine on the ground.

This evidence failed to prove that Davis was aware of the presence of the cocaine under the steps or that he had dominion and control of the cocaine.  Davis' presence on the steps does not prove constructive possession of the cocaine found under the steps.  "Mere proximity to a controlled drug is not sufficient to establish dominion and control."  Drew, 230 Va. at 473, 338 S.E.2d at 845.

The majority's conclusion that Davis must have thrown the drugs on the ground under the steps is merely conjecture and based only on the suspicion that he was hiding drugs near the drain pipe.  However, none of the officers who testified saw anything in Davis' hand.  The majority speculates that Davis had something in his hands.  From that speculation, it then infers that he threw that something under the steps.  The principle is well established, however, that a conclusion that an accused is

- 11 -

guilty "cannot rest upon conjecture or suspicion." <u>Dixon v.</u> <u>Commonwealth</u>, 162 Va. 798, 801, 173 S.E. 521, 522 (1934). Indeed, the evidence must do more than suggest even a "'probability of guilt[;] . . . the evidence must go further and exclude every reasonable hypothesis except that of guilt.'" <u>Id.</u> (citation omitted).

The evidence proved a reasonable hypothesis that explained the presence of the cocaine under the steps. The uncontradicted evidence established that the house and the steps were located in a "high drug area." Two to four other people were on the steps that night and other people were in the area. In addition, the officer testified as follows:

> A lot of times drug dealers will keep their drugs away from their person actually stashing the drugs at a separate location, sometimes under a rock. Some open air drug markets are heavily trashed with litter. Narcotics are kept in chip bags, brown pieces of paper that can be balled up and dropped with the trash so it doesn't look suspicious or out of the ordinary. That is to keep the narcotics off of the person while they conduct business. They can then go to the stash as they need the cocaine.

Thus, the presence of drugs that appeared to be unattended was explained.

When the speculation is excluded, the evidence does not even make it more likely that Davis, rather than the other individuals on the steps or in the area, used the space under the steps to hide the drugs. The possibility that Davis discarded the cocaine is merely one of several hypotheses. However, "[w]henever

'evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt.'" Pemberton v. Commonwealth, 17 Va. App. 651, 654, 440 S.E.2d 420, 422 (1994) (citation omitted); see also Hairston v. Commonwealth, 5 Va. App. 183, 186-87, 360 S.E.2d 893, 895 (1987).  "The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence." Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970).

Because the evidence in this case creates only a suspicion of guilt, I would reverse the conviction.  Therefore, I dissent.