COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Chaney
Argued at Lexington, Virginia

JOHN THOMAS CONNER

v.      Record No. 0664-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
MARCH 28, 2023

FROM THE CIRCUIT COURT OF PATRICK COUNTY
Marcus A. Brinks, Judge

John Sonderegger, Assistant Public Defender, for appellant.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The court convicted John Thomas Conner (appellant) of felony destruction of property, in

violation of Code § 18.2-137(B)(ii). Although appellant does not dispute that he destroyed

property, he contends that the evidence failed to prove a felony offense. Finding no error in the

court's judgment, we affirm his conviction.[1]

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard requires us to "discard

the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Appellant did not appeal a separate conviction for misdemeanor trespassing, in violation
of Code § 18.2-119.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Melvin Stanley and appellant were engaged in a long-standing dispute, and by July 2021, Stanley had obtained a court order prohibiting appellant from entering Stanley's property. Stanley owned a private airport and adjacent property that he rented to an industrial plant. At approximately 4:00 p.m. on July 30, 2021, a plant employee saw appellant "wandering" around the airport property with a long object in his hand, "possibly a machete." The employee notified his plant safety manager, William Bakely. When Bakely stepped outside, he saw appellant "at the end of the runway walking toward[] the hanger." Bakely followed appellant in his car, "watched [him on] the monitor," and noticed he was carrying "something wooden" rather than a machete. Bakely saw appellant "flip[] the electrical switch on the side of the [hanger]" and called the police.

As Bakely spoke with the police dispatcher, he drove toward appellant and saw him "reach[] down and [break] off [a] runway light." The glass runway lights were approximately 18 inches tall and mounted on "frangible bases" that were designed to "break easily" if a plane struck them, to prevent damaging the plane. As Bakely watched, appellant broke a second light on the left side of the runway and then headed toward the plant's employee parking lot. Concerned that appellant might damage employee vehicles, Bakely drove to the parking lot. He watched appellant walk to the side of the parking lot and break a third runway light, before disappearing into a wooded area.

Appellant soon emerged from the woods on a riding lawn mower and drove it down the side of the runway. Although appellant was too far away for Bakely to discern precisely what he was doing, Bakely could see that appellant was riding the mower "very, very close to the edge"

of the runway. Appellant rode "all the way down the runway" before turning around, traveling back a third of the way, and then turning onto a side road leading to Stanley's house.

Sergeant Winfred Hill went to the scene and saw appellant on the riding mower. When Stanley met the police at the airport, appellant was in the middle of the runway, still sitting on the mower and holding a "shattered" wooden boat oar. Stanley checked the runway and found that several runway lights were damaged. At trial, Stanley testified that he had just inspected the lights "within the last couple of days" before appellant's trespass and had confirmed that all lights were functioning properly. The day before the incident, Stanley was expecting planes to land and further confirmed that all lights were working. Stanley testified that, after the incident, "[a] couple" of the damaged lights could be repaired, but six had to be replaced. He estimated that the cost to "fix, replace, and repair" the six damaged runway lights was $2,100.

At the conclusion of the evidence, appellant moved to strike the felony charge, arguing that Bakely had only seen him damage three lights and, if the court found that appellant damaged only three lights, "we are [merely] getting close to [the] felony threshold" of one thousand dollars. The court denied the motion, finding the circumstantial evidence supported a rational inference that appellant damaged all six runway lights. Acknowledging that Bakely could not see appellant's precise actions while he rode the mower "up and down the runway," the court credited Stanley's testimony that the lights were all functioning shortly before the incident. Further, even assuming appellant had damaged only three lights, the court found that the damage met the felony threshold of "a thousand dollars or more."

In closing argument, appellant renewed the arguments from his motion to strike. The court again found that, even though Bakely only witnessed appellant break three lights, he also saw appellant "driving up and down the runway with a lawn mower" in the distance and that six runway lights "in good order" on "the day before" the incident were discovered broken

immediately after appellant's actions. Based on this evidence, the court concluded that appellant had damaged all six runway lights and convicted him of felony destruction of property. This appeal followed.

## ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant does not dispute that the evidence proved he damaged three runway lights; however, he maintains that no direct evidence proved he damaged the three additional lights. He also suggests that, because Stanley merely approximated the cost to "fix, replace, and repair" six lights, "the value to replace and install three lights may be less than the felony threshold."[2] We disagree.

---

[2] Although the court found that the damage to three lights satisfied the felony threshold when it denied appellant's motion to strike, it ultimately based its verdict on the damage to six lights. We need not decide whether the damage to three lights established felony destruction of property because we conclude that the evidence supported the court's verdict.

"Circumstantial evidence, if sufficiently convincing, is as competent and entitled to the same weight as direct testimony." *Lucas v. Commonwealth*, 75 Va. App. 334, 346 (2022) (quoting *McCain v. Commonwealth*, 261 Va. 483, 493 (2001)). "[A]ppellate courts of this Commonwealth have long recognized that circumstantial evidence is not to be viewed in isolation." *Kelly v. Commonwealth*, 41 Va. App. 250, 259 (2003) (en banc); *see also Commonwealth v. Hudson*, 265 Va. 505, 514 (2003). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

"'The only requirement' in a circumstantial case is that the Commonwealth 'put on enough circumstantial evidence such that a reasonable [fact finder] could have rejected [the] defendant's [hypotheses] of innocence.'" *Bagley v. Commonwealth*, 73 Va. App. 1, 27 (2021) (alterations in original) (quoting *Davis v. Commonwealth*, 65 Va. App. 485, 502 (2015)). This "reasonable-hypothesis principle," however, "is not a discrete rule unto itself" and "'does not add to the burden of proof placed upon the Commonwealth in a criminal case.'" *Vasquez*, 291 Va. at 249-50 (quoting *Hudson*, 265 Va. at 513). The Commonwealth need not "negate what 'could have been' or what was a 'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 218 (2011). Thus, although "a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," an arbitrary choice occurs "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250 (quoting *Dixon v. Commonwealth*, 162 Va. 798, 803 (1934)).

Here, the circumstantial evidence supported the court's rational conclusion that appellant damaged all six runway lights. The day before appellant's trespass, all runway lights were

undamaged and functioning.  When Stanley inspected the lights immediately after the incident, six runway lights were damaged and in need of replacement and labor valued at $2,100.  Bakely saw appellant break three runway lights with a wooden boat oar.  He then watched appellant, at a distance, ride a lawn mower up and down the edges of the runway near the lights.  The glass runway lights were mounted on frangible, 18-inch posts designed to break easily rather than damage planes in the event of a collision.  A reasonable inference from the lights' design and location, and appellant's observed actions, was that appellant damaged those other lights.  Viewed as a whole, the circumstances supported the court's finding that appellant damaged all six runway lights.  Accordingly, the Commonwealth's evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that appellant was guilty of felony destruction of property, in violation of Code § 18.2-137(B)(ii).

CONCLUSION

For the reasons stated, we affirm the court's judgment.

*Affirmed.*