COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Friedman and White

ERIK STEWART SMITH, SOMETIMES KNOWN AS
 ERICK STEWART SMITH
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1807-22-3                      JUDGE FRANK K. FRIEDMAN
                                                       DECEMBER 19, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Rebecca Wetzel; Wetzel Legal, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Erick Stewart Smith of distributing heroin

and methamphetamine. Smith asserts that the evidence was insufficient to support his convictions.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the dispositive issue" in this appeal has been "authoritatively decided, and

the appellant has not argued that the case law should be overturned, extended, modified, or

reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). Accordingly, we affirm the trial court's

judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

Campbell County Sheriff's Lieutenant Wilson met with an informant, Childress, and they arranged a controlled purchase of methamphetamine from Smith. Childress had known Smith for about six months and contacted him to schedule the transaction. Lieutenant Wilson searched Childress and his car before the meeting and found no drugs. The police provided Childress with video and audio equipment and funds to purchase the drugs. Childress testified that he met with Smith at Smith's apartment and purchased methamphetamine and heroin. Childress met with Lieutenant Wilson immediately after the encounter and surrendered the drugs, the remaining funds, and the recording devices. Lieutenant Wilson searched Childress and his car after the transaction and found no drugs. Childress acknowledged that he had pending criminal charges of his own and was hoping for consideration for his cooperation with the drug operation, although he had not been promised anything. He also stated that he had received money for his participation as an informant.

Smith denied having sold drugs to Childress and claimed that another occupant of his apartment must have engaged in the transaction. The trial court found that Childress's testimony was corroborated by the recordings, that he was a credible witness, and that Smith's testimony was not believable. The trial court convicted Smith of the two offenses. Smith appeals.

ANALYSIS

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to

the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

On appeal, Smith concedes that he met with Childress at his residence and that Childress returned to Lieutenant Wilson afterwards with drugs. He argues, however, that "the video presented at trial does not show any actual exchange of money or narcotics between [Smith] and the informant" and that the trial court "relied heavily on the testimony of the informant." He concludes that the trial court erred by accepting Childress's testimony because Childress was a paid informant and hoped to "receive a favorable outcome on his own pending charges."

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], wh[o] has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

The "reasonable-hypothesis principle is not a discrete rule unto itself" and "does not add to the burden of proof placed upon the Commonwealth in a criminal case." *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513

- 3 -

(2003)).  "The Commonwealth . . . is not required to exclude every possibility that others may have committed the crime for which a defendant is charged, but is only required to exclude hypotheses of innocence that flow from the evidence."  *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000).  Thus, the reasonable-hypothesis principle "is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'"  *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017) (quoting *Hudson*, 265 Va. at 513).  "It is true that a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant."  *Vasquez*, 291 Va. at 250 (quoting *Dixon v. Commonwealth*, 162 Va. 798, 803 (1934)).  An arbitrary choice occurs "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one."  *Id.*

On appeal, in reviewing a defendant's claim that a trial court unreasonably rejected his hypothesis of innocence, we are mindful that "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on [this Court] unless plainly wrong."  *Wood v. Commonwealth*, 57 Va. App. 286, 306 (2010) (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)).  "As long as 'a rational factfinder could reasonably reject [the appellant's] theories in his defense and find that the totality of the suspicious circumstances proved [his guilt] beyond a reasonable doubt,' the appellate court must affirm the conviction."  *Part v. Commonwealth*, 74 Va. App. 635, 654 (2022) (alterations in original) (quoting *Moseley*, 293 Va. at 466).  "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded.  What weight should be given evidence is a matter for the [factfinder] to decide."  *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (second and third alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)).

Here, we conclude that the trial court did not err in rejecting Smith's alternate hypothesis of innocence that someone else sold the drugs to Childress. The Commonwealth's evidence, viewed in the light most favorable to it, demonstrated that Childress went to Smith's residence with the buy money that Lieutenant Wilson provided and with the intention of buying drugs from Smith. After arriving, Childress gave the money to Smith and returned to Lieutenant Wilson with methamphetamine and heroin. Although Lieutenant Wilson did not witness the transaction, the recording demonstrated that Childress interacted with Smith to complete the drug transaction. While others were present at the residence, nothing in the record indicated that Childress exchanged money or drugs with them rather than Smith. Moreover, Lieutenant Wilson searched Childress before and after the encounter, and found no drugs.

Childress testified that he had known Smith for six months, had purchased drugs from him before, and arranged the controlled drug buy. He met with Smith at Smith's residence and purchased methamphetamine and heroin. The trial court permissibly rejected Smith's version of the events and accepted the evidence proving that he distributed the drugs to Childress. Childress's testimony was corroborated in part by the recordings introduced at trial and Lieutenant Wilson's testimony. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Smith was guilty of distributing methamphetamine and heroin. Thus, we affirm Smith's convictions.

CONCLUSION

The Commonwealth's evidence was sufficient for a rational trier of fact to conclude that Smith distributed the drugs.  Accordingly, we affirm the trial court's judgment.

*Affirmed.*