COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Overton
Argued at Richmond, Virginia


JONATHAN KIRK HASKINS

OPINION BY
v.        Record No. 1739-03-2        JUDGE D. ARTHUR KELSEY
SEPTEMBER 14, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

John F. McGarvey for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Jonathan K. Haskins challenges his convictions for possession of cocaine in violation of

Code § 18.2-250(A) and for possession of a firearm while possessing cocaine in violation of

Code § 18.2-308.4(B).  Finding the evidence sufficient to support these convictions, we affirm.

I.

We review the evidence in the "light most favorable" to the Commonwealth, the prevailing

party in the trial court.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert.

denied, 124 S. Ct. 444 (2003).  "On appeal this court must 'discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and *all fair inferences to be drawn therefrom*.'"  Parks v. Commonwealth, 221 Va.

492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82

S.E.2d 603, 606 (1954)) (emphasis added by Parks).

On October 24, 2002, Officers Kevin Hiner and Wayne Skinner of the Richmond Police

Department responded to a call regarding a "missile thrown through a window into an occupied

dwelling" in Richmond. When the officers arrived on the scene shortly after midnight, the victim informed them that "an unknown black male, wearing a camouflage jacket and dark jeans, threw a very large piece of wood" through his living room window. The officers began searching the surrounding neighborhood for the suspect.

On a porch of a nearby house, Officer Skinner found Haskins dressed in a camouflage jacket and dark jeans. The porch was "well lit" by porch lights and streetlights. Haskins was "sitting on a bench by himself on the left side of the porch," while two other men sat on the opposite side of the porch. That particular block was known by the officers to be a "high drug trafficking area."

Officer Skinner asked Haskins to accompany him to the victim's house. Haskins agreed. Putting his hands by his sides, Haskins stood up from the bench. Officer Hiner "noticed immediately as [Haskins] walked away from the bench in plain sight was a plastic bag containing two off-white substances I recognized to be crack cocaine." The clear plastic bag had "a very large" loose knot that "allowed for opening and easy access into the bag." Officer Hiner testified the bag was "directly underneath [Haskins] where he was sitting on the bench, on the bench itself." During later questioning, Haskins admitted to prior drug use but disclaimed any present use of cocaine or heroin. He did not elaborate on what specific drugs he previously used.

Before being frisked, Haskins admitted he had a weapon. The officers recovered a "40 caliber Glock" handgun concealed "inside of his waistband." They also found currency in all four pockets of Haskins's pants, totaling $217, and a cell phone. When asked about the money, Haskins admitted he was unemployed but gave no information as to the source of the money.

At trial, Haskins moved to strike the Commonwealth's case. After the trial court overruled the motion, Haskins testified in his own defense. He claimed he did not put the bag of cocaine underneath him, did not know he was sitting on it, and was surprised to learn it was there. He

admitted making the remark to the officer about his prior drug use, but said he was referring only to marijuana. Haskins denied that the officer found money in all four pockets. He carried money only in two pockets, he testified. As to the source of the money, Haskins said he received most of it from his mother. His mother took the stand and added that the money she gave him was supposed to be used to pay her automobile insurance premium.

At the close of the evidence, Haskins renewed his motion to strike. Finding Officer Skinner's testimony credible, the trial court found Haskins guilty of simple possession of cocaine under Code § 18.2-250(A) and dismissed the possession with intent to distribute charge alleged in the indictment. The court also found Haskins guilty of possession of a firearm while possessing cocaine in violation of Code § 18.2-308.4(B).

II.

In his appellate oral argument, Haskins's counsel stated: "I am not for one instance suggesting to the Court that there wasn't facts that the court could base its decision on." "Facts sufficient?," he continued, "I would agree with that, but there are addendums to that law." In circumstantial evidence cases, he reasoned, "if there are two equally reasonable explanations for what happened, then the court not should, but must, accept that explanation." As he explained his position:

> I would respectfully disagree with the Court in terms of what the standard is. The standard indeed is, is there evidence to support it. Don't dispute that there's evidence to support it. But there's more to it than that. They must . . . exclude every reasonable hypothesis of innocence.

>     \*    \*    \*    \*    \*    \*    \*

> Accordingly, I agree that there are facts sufficient to find him guilty. But I would respectfully disagree with the court's rejecting two alternate hypotheses of innocence.

- 3 -

Haskins's argument, in our opinion, cannot be reconciled with settled principles of appellate review.

We address first Haskins's concession that the facts are "sufficient to find him guilty." While the admission could be accepted at face value, we think it more prudent to pass independent judgment on it before addressing his caveat.

A conviction for simple possession under Code § 18.2-250(A) requires that the defendant have actual or constructive possession of the drugs. This can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (internal brackets and citation omitted); Kelly v. Commonwealth, 41 Va. App. 250, 260, 584 S.E.2d 444, 449 (2003) (*en banc*). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams, 42 Va. App. at 735, 594 S.E.2d at 311. To be sure, in drug cases no less than any other, it "is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence." Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004).

The circumstances of this case support Haskins's conviction. Haskins sat *directly on* a bag of crack cocaine — not near it, or in the same car in which it was found, or with a group of friends who had it. He sat on the bench alone, at midnight, in a "high drug trafficking area." The bag had a "very large" knot, tied loose enough to allow easy access. No one else was on the bench with Haskins. The bench was "well lit" by porch and streetlights. When confronted by the officer, Haskins "put his hands down . . . by his sides when he got up off of the bench." The moment Haskins stood up the officer "immediately" saw the clear plastic bag and recognized the

two off-white items inside to be crack cocaine. Haskins admitted to the officer he had used drugs in the past, though at trial Haskins limited this statement to marijuana.

The trial judge, sitting as factfinder, found the circumstances of this case proved Haskins knowingly and intentionally possessed the bag of cocaine. Either he put it there or someone else did. In either scenario, he knowingly concealed the cocaine as he sat on it. Given the totality of the circumstances, the court found implausible Haskins's claim of being oblivious to the bag of drugs underneath the seat of his pants.

On appeal, we can reverse this factual finding only if the trial court's decision is "plainly wrong or without evidence" to support it. Code § 8.01-680. Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (citation omitted and emphasis in original). It asks instead whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).[1] This understanding of the standard of review, which serves as a restatement of due process principles,[2] ensures that we remain faithful to our duty not to

---

[1] See also Myers, 43 Va. App. at 118, 596 S.E.2d at 538; Williams, 42 Va. App. at 734, 594 S.E.2d at 311; Holmes v. Commonwealth, 41 Va. App. 690, 691-92, 589 S.E.2d 11, 11 (2003); Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003); Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992); Campbell v. Commonwealth, 13 Va. App. 33, 42, 409 S.E.2d 21, 27 (1991).

[2] See generally 5 Wayne R. LaFave *et al.*, Criminal Procedure § 27.5(e), at 931 (2d ed. 1999) ("Appeals of guilty verdicts by juries and guilty findings by judges based on insufficiency of evidence are evaluated by asking, 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements beyond a reasonable doubt.'"); see also id. § 24.6(b), at 542; § 24.6(c), at 546. In theory, a state could go beyond the requirements of due process and afford a higher level of fact scrutiny on appeal. No Virginia case has done so.

"substitute our judgment for that of the trier of fact," <u>Kelly</u>, 41 Va. App. at 257, 584 S.E.2d at 447 (citation omitted), "even were our opinion to differ," <u>Wactor v. Commonwealth</u>, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citation omitted).

Applying the governing standard of review, we accept Haskins's concession that "there are facts sufficient to find him guilty." Though conceding the sufficiency of the evidence as a general matter, however, Haskins does not concede his guilt. In circumstantial evidence cases, he argues, an "addendum" to the general sufficiency standard recognizes that the evidence must exclude every "reasonable hypothesis of innocence." We agree with Haskins that this venerable principle exists, but disagree with his understanding of it.

To begin with, the reasonable-hypothesis principle is not a discrete rule unto itself. "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." <u>Kelly</u>, 41 Va. App. at 258, 584 S.E.2d at 447-48 (quoting <u>Hudson</u>, 265 Va. at 513, 578 S.E.2d at 785). Thus, the principle "does not add to the burden of proof placed upon the Commonwealth in a criminal case." <u>Id.</u> It merely "reiterates the standard applicable to every criminal case." <u>Pease v. Commonwealth</u>, 39 Va. App. 342, 360, 573 S.E.2d 272, 280 (2002) (*en banc*) (citation and internal quotation marks omitted), <u>aff'd</u>, 266 Va. 397, 588 S.E.2d 149 (2003) (*per curiam* order adopting reasoning of the Court of Appeals).

Whether the hypothesis of innocence is reasonable is itself a "question of fact," <u>Emerson v. Commonwealth</u>, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted), subject to deferential appellate review, <u>Kelly</u>, 41 Va. App. at 259, 584 S.E.2d at 448. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." <u>Miles v. Commonwealth</u>,

205 Va. 462, 467, 138 S.E.2d 22, 27 (1964); see also Lyons v. City of Petersburg, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980) ("Circumstantial evidence is sufficient to convict if it excludes every reasonable hypothesis of innocence. This occurs when the *trier of facts* has an abiding conviction of the guilt of the accused." (emphasis added)). By finding the defendant guilty, therefore, the factfinder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence." United States v. Kemble, 197 F.2d 316, 320 (3d Cir. 1952).

Even so, Haskins replies, a factfinder cannot "arbitrarily" choose, as between two equally plausible interpretations, one that incriminates the defendant. Dixon v. Commonwealth, 162 Va. 798, 803, 173 S.E. 521, 523 (1934). We certainly concur. But this axiomatic proposition has meaning only after the factfinder "resolves all conflicts in the evidence." Feigley v. Commonwealth, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993). If, after doing so, the evidence of guilt or innocence remains anywhere near equipoise — that is, the facts are "equally susceptible to two or more constructions"— then reasonable doubt exists as a matter of law. Id. But where the factfinder has rejected the hypothesis as *unreasonable*, that determination cannot be overturned as arbitrary unless no rational factfinder would have come to that conclusion. See Williams v. Commonwealth, 193 Va. 764, 772, 71 S.E.2d 73, 77 (1952) (observing that the Dixon principle does not apply if the exculpatory explanation is "untenable under all the facts and circumstances of the case").

In this case, the trial court had to resolve several evidentiary conflicts. On the question whether Haskins knew he was sitting on a bag of cocaine, two incriminating facts stood out: the "very large" knot in the bag (giving rise to the inference that Haskins would have felt it) and the fact that the bag was in plain view on a well-lit porch (supporting the inference that Haskins, assuming he did not hide the bag there himself, would have seen it before sitting down on it). Militating against these incriminating facts and inferences was Haskins's testimony that he knew

nothing about the cocaine. As for the "very large" knot, Haskins's counsel added, it was loose and perhaps not something that could be felt easily.

On the question whether Haskins knew the bag contained cocaine, the trial court accepted the officer's testimony that, as soon as Haskins stood up, the officer "immediately" saw the bag and recognized the two off-white items as crack cocaine. From this it could be inferred that Haskins also could have immediately seen the cocaine had someone else put it there before Haskins sat on it. Haskins's prior drug use, coupled with his presence at midnight in a "high drug trafficking area," supports the inference that he too knew cocaine when he saw it.

The trial judge did not act irrationally in resolving these evidentiary conflicts. He was entitled to "draw reasonable inferences from basic facts to ultimate facts." Pease, 39 Va. App. at 355, 573 S.E.2d at 278 (quoting Jackson, 443 U.S. at 319). He likewise was at liberty to disbelieve Haskins's self-serving explanation as a mere effort at "lying to conceal his guilt." Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004).[3] Acting within his factfinding discretion, the trial judge rationally found beyond a reasonable doubt that Haskins knowingly exercised dominion and control over the bag of cocaine while he sat on it.

In the end, Haskins's "addendum" is little more than an invitation for us to interpret the inferences differently than the factfinder, to find all exculpatory inferences reasonable and all inculpatory inferences unreasonable, and to accept as credible the entirety of Haskins's testimony. Our function, however, is not to preside *de novo* over a second trial. Emphasizing

---

[3] See also Hughes v. Commonwealth, 43 Va. App. 391, 399, 598 S.E.2d 743, 747 (2004); English v. Commonwealth, 43 Va. App. 370, 371, 598 S.E.2d 322, 323 (2004); Washington v. Commonwealth, 43 Va. App. 291, 300-01, 597 S.E.2d 256, 261 (2004); Slade v. Commonwealth, 43 Va. App. 61, 70, 596 S.E.2d 90, 94 (2004); Guda v. Commonwealth, 42 Va. App. 453, 457, 592 S.E.2d 748, 750 (2004); Agee v. Commonwealth, 40 Va. App. 123, 127, 578 S.E.2d 68, 69 (2003); cf. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (recognizing "general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt'" (quoting Wright v. West, 505 U.S. 277, 296 (1992))).

the dissimilarity in the respective roles of the trial and appellate courts, the United States

Supreme Court has explained:

> The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade three more judges at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be "the 'main event' . . . rather than a 'tryout on the road.'"

Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985) (quoting Wainwright v. Sykes, 433

U.S. 72, 90 (1977)).

### III.

Because sufficient evidence exists to support Haskins's conviction for simple possession

of cocaine and the companion conviction for simultaneous possession of cocaine and a firearm,

we affirm both convictions.

Affirmed.