COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


JEFFREY EDWARD PORTER

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0419-04-2                          JUDGE D. ARTHUR KELSEY
                                                        FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                        Horace A. Revercomb, III, Judge

            Elizabeth A. Trible, Assistant Public Defender, for appellant.

            Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Jeffrey Edward Porter challenges on appeal his convictions for possession of cocaine and

possession of heroin in violation of Code § 18.2-250, claiming the evidence was insufficient to

prove his guilt on either charge.  We disagree and affirm.

                                            I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle

requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and *all fair*

*inferences that may be drawn therefrom.*'"  Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis in original and citation omitted).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In January 2003, Laura Painter advertised that she was renting out a room in her house where she and her four-year-old son lived. Porter responded to the ad and soon moved in with his girlfriend, Katherine Reilly. On two separate occasions, Painter found "dealer bags" in her house and developed "suspicions that [Porter] was using drugs."

When Porter was arrested on an unrelated matter in late March 2003, Painter told Porter and Reilly they would have to move out of her house. The couple complied but left "furniture, clothes, CDs, and almost everything they had" at Painter's house. Over the next two weeks, Painter called several times to ask that Porter and Reilly remove their property from her house. About a week later, Reilly returned to the house and moved most of the items into Painter's garage.

After another week passed, Painter left another message warning that if they did not retrieve their belongings by the following Monday, she "was going to start going through it and throwing it away." Painter returned from work Monday evening to find the garage still full of Porter's and Reilly's belongings.

As she was going through the items, Painter opened a duffle bag containing a small, tin box. Painter had earlier seen that same tin box in Porter's bedroom. Painter opened the box and found drug paraphernalia (two metal spoons and a glass tube) containing what was later determined to be heroin and cocaine residue. Painter immediately called the Sheriff's Department and gave the items to Deputy Joe Patterson.

In Porter's duffle bag, Deputy Patterson also found photographs of Porter and his girlfriend and two W-2 forms bearing Porter's name. Porter was arrested later that evening. He admitted to the police that the duffle bag belonged to him, as well as the tin box and everything else in the bag. Porter also said he, not Reilly, packed the bag. He denied, however, any knowledge of the drug paraphernalia.

At trial, Porter argued that someone else could have planted the drug paraphernalia in his tin box.  As potential suspects, he identified his girlfriend, Painter's boyfriend, and the father of Painter's son.  The trial court heard evidence on each of these possibilities.  Porter's girlfriend testified that she knew nothing about the drug paraphernalia in her boyfriend's tin box.  Painter testified that neither her boyfriend nor her son's father had keys to her home.  Nor did they have access to Porter's belongings.  After Porter packed his duffle bag and Reilly moved it to the garage, Painter testified, no one else entered the garage.  Painter's boyfriend may have visited the home during this period, but never went into the garage.  And her son's father had not been to the home during this time frame.

Having heard this evidence, the trial court found Porter guilty of possession of the cocaine and heroin found in Porter's tin box.  "I am satisfied beyond a reasonable doubt that the Commonwealth has met its burden of proof," the court ruled.  The court noted Porter's "possession and control of the containers" and his admission that he owned and packed the duffle bag.

## II.

When addressing a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it.  Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004) (citation omitted).  Under this standard, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original); see also Seaton, 42 Va. App. at 747-48, 595 S.E.2d at 13; Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

Constructive possession of the drugs can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (internal brackets and citation omitted); Kelly, 41 Va. App. at 260, 584 S.E.2d at 449. "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams, 42 Va. App. at 735, 594 S.E.2d at 311. "To be sure, in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

The evidence in this case supports the rationality of the trial court's findings. Porter admitted that he packed *his* tin box and placed it in *his* duffle bag, facts corroborated by the presence of his personal belongings inside the bag. It was entirely rational for the factfinder to conclude, beyond a reasonable doubt, that the drug paraphernalia found in Porter's tin box likewise belonged to Porter. Porter's only hypothesis of innocence — that someone planted the incriminating evidence in the tin box after he packed it in his duffle bag — falls far short of an explanation that any reasonable factfinder would necessarily have to accept.[1] See Kelly, 41 Va. App. at 260-61, 584 S.E.2d at 449 (recognizing that prosecution need not eliminate the mere "possibility that someone else may have planted, discarded, abandoned or placed" the drug

---

[1] On appeal, Porter contends that a "review of the totality of the circumstances does not exclude every reasonable hypothesis except that of guilt" because a "rational trier of fact could have *found* that someone else placed drugs within the Accused's bag." Appellant's Brief at 13-14 (emphasis added). By framing the point this way, Porter inverts the question presented. The issue on appeal is whether a rational factfinder could have *rejected* the defendant's exculpatory hypothesis. See Haskins, 44 Va. App. at 9, 602 S.E.2d at 406 (holding that whether a hypothesis of innocence is reasonable is itself a question of fact, subject to deferential appellate review).

evidence (quoting <u>Brown v. Commonwealth</u>, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*))).[2]

III.

Because sufficient evidence supports Porter's convictions for possession of cocaine and possession of heroin, we affirm both convictions.

<u>Affirmed.</u>

---

[2] Nor can Porter rely on his own denial as a basis for exoneration. <u>See</u> <u>generally</u> <u>Commonwealth v. Duncan</u>, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004) (noting that the factfinder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt"); <u>Dugger v. Commonwealth</u>, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003).