COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


MARK ALLEN CRATCH, JR.

MEMORANDUM OPINION[*] BY

v.        Record No. 2892-08-1          JUDGE ROBERT P. FRANK
                                        SEPTEMBER 29, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General II (William C.
Mims, Attorney General, on brief), for appellee.


Mark Allen Cratch, Jr., appellant, was convicted, in a bench trial, of possession with the

intent to distribute of more than one-half ounce but less than five pounds of marijuana, in

violation of Code § 18.2-248.1(a)(2). On appeal, he contends the trial court erred in finding the

evidence sufficient to convict. Specifically, he maintains the evidence did not prove he intended

to distribute more than one-half ounce of marijuana.[1] For the reasons stated, we affirm the trial

court.

BACKGROUND

On July 18, 2008, Norfolk Police Officer Kimberly Coles was working undercover

posing as a prostitute. Coles approached appellant's car and observed appellant smoking a large

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not contest he possessed over one-half ounce of marijuana or that he
intended to distribute some amount of that drug.

marijuana cigarette commonly referred to as a "blunt." Coles invited appellant and his passenger to her motel room. Appellant agreed and indicated they would bring marijuana with them. Appellant said "we're going to smoke it." Coles inquired what appellant wanted in exchange for the marijuana, and they agreed to exchange the marijuana for sex. The officer testified it is common for prostitutes to exchange drugs for sex. Appellant told Coles he had "the weed" with him and they would smoke it.

Appellant and his passenger entered the motel room and were arrested on prostitution charges. Police searched appellant and recovered a clear plastic baggie in appellant's pocket that contained 45.2 grams (1.59 ounces) of marijuana with a street value of $480. The police did not find the marijuana cigarette on appellant.

Officer R.W. Gillespie, who qualified as an expert in the distribution of illegal drugs, testified, without objection, that the marijuana seized was inconsistent with personal use. He based this opinion on the marijuana being offered in exchange for sex and the amount of marijuana seized. He explained that a user would typically carry "under a half an ounce, under 14 grams."

Gillespie testified there was no set rate for a prostitute's services. Some prostitutes will perform for a nickel bag of marijuana ($5), others have requested fees as high as $1,000, depending on the individual circumstances. Gillespie estimated it would probably take more than "a couple hours" to consume the bag of marijuana.

In his motion to strike, appellant argued no evidence indicated that he intended to give the prostitute over one-half ounce of marijuana for her sexual services in that the only amount of marijuana discussed was smoking the "blunt." The Commonwealth's attorney responded by pointing to Officer Gillespie's expert testimony that the quantity appellant possessed was inconsistent with personal use.

The trial court concluded that pursuant to Code § 18.2-248.1(a)(2), the Commonwealth must prove: (1) appellant possessed the marijuana found on his person; (2) that he had the intent to distribute that marijuana, and (3) the weight of the marijuana (one-half ounce to five pounds) places him in the category with which he is charged, i.e., subsection (a)(2) of Code § 18.2-248.1.

In finding appellant guilty, the court opined that "[appellant] was intending to have sexual intercourse . . . in exchange for some portion of marijuana. Whether it was all of it or less than all of it, it's simply not in evidence." The court found appellant possessed approximately forty-five grams with intent to distribute but the Commonwealth need not prove the appellant intended to "distribute every last gram or every ounce of it either in this transaction or other transactions."

This appeal follows.

ANALYSIS

Appellant contends the evidence was insufficient to prove he intended to distribute more than one-half ounce of marijuana. He reasons that the statute requires that one must intend to distribute more than one-half ounce to be guilty of this offense. The Commonwealth agrees, but contends the evidence was sufficient to prove appellant intended to distribute more than one-half ounce of marijuana.

Appellant premises his argument on the trial court's statement that appellant only need have an intent to distribute some portion of the marijuana. He further focuses on Gillespie's testimony that prostitutes will perform their services for well under the $480 value of the 1.59 ounces worth of marijuana found on him.

The Commonwealth responds by pointing to Officer Gillespie's expert testimony that the 1.59 ounces of marijuana, coupled with the facts of the prostitution activity, was inconsistent with personal use.

Faced with a challenge to the sufficiency of the evidence,

> we must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955). In bench trials, the "trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (citation omitted).

Consequently, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that appellate courts are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because we have no authority "to preside *de novo* over a second trial," Haskins, 44 Va. App. at 11, 602 S.E.2d at 407.

The law is well settled as to the proof required to show appellant possessed drugs with the intent to distribute. "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "If evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d

382, 383 (1984) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Circumstantial proof of a defendant's intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia. Servis, 6 Va. App. at 524-25, 371 S.E.2d at 165. Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use. Shackleford v. Commonwealth, 32 Va. App. 307, 326-27, 528 S.E.2d 123, 133 (2000).

The question of how much marijuana appellant intended to give the prostitute is not the determinative factor, although both parties, below and on appeal, went to great lengths to argue this point. The expert witness considered the quantity of drugs in concluding appellant's possession of 1.59 ounces of marijuana was inconsistent with personal use. He testified that a typical marijuana user would carry less than one-half ounce. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that quantity possessed exceeds that normally intended for personal use, without more, is sufficient to show intent to distribute); Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*) (finding possession of a quantity greater than that ordinarily possessed for personal use may be sufficient to establish an intent to distribute).

In support of his opinion, Gillespie also considered that appellant did, in fact, intend to distribute some marijuana to the prostitute in exchange for sex. However, we need not base our opinion on whether appellant intended to give the prostitute more than one-half ounce of marijuana because we have concluded that, based on Gillespie's expert opinion, appellant possessed the entire amount of marijuana with the intent to distribute.[2]

---

[2] It is important to note that the offense we address is possession with intent to distribute, not distribution of more than one-half ounce to the prostitute.

On appeal, both parties addressed whether the Commonwealth's evidence was sufficient to establish appellant's intent to distribute a specific amount of marijuana, namely, more than one-half ounce. Neither party challenged the trial court's determination that the Commonwealth was required first to prove appellant had the intent to distribute only a portion of the marijuana, then prove that the total quantity appellant possessed exceeded one-half ounce. While we acknowledge that the trial court ruled that it was not necessary to prove appellant possessed the marijuana with the specific intent to distribute more than one-half ounce to the prostitute, we affirm the trial court because it reached the correct conclusion but the wrong reason was given. "An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason." Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992).

> On appeal, we may affirm on grounds different from those on which the trial court based its decision so long as the issue was addressed at trial, evidence exists in the record to support those alternate grounds, the trial judge's decision does not reject those grounds, and no further factual resolution is necessary to support the decision.

Debroux v. Commonwealth, 32 Va. App. 364, 371-72, 528 S.E.2d 151, 155, aff'd on reh'g en banc, 34 Va. App. 72, 537 S.E.2d 630 (2000).

At trial, the Commonwealth's attorney argued that Officer Gillespie's expert testimony proved that appellant possessed the entire amount of marijuana with the intent to distribute. Thus, because the prosecutor argued this issue to the trial court, we find the trial court was right for the wrong reason.

We find the evidence sufficient to prove appellant possessed over one-half ounce of marijuana with the intent to distribute. We therefore affirm the trial court.

Affirmed.