UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Kelsey
Argued at Richmond, Virginia

RICKY RAY PERDUE, JR.

v.      Record No. 1885-11-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE D. ARTHUR KELSEY
FEBRUARY 5, 2013

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Dorian Dalton, Supervising Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

The trial court convicted Ricky Ray Perdue, Jr. of possession of cocaine in violation of

Code § 18.2-250. On appeal, Perdue claims the evidence failed to prove his guilt. We disagree

and affirm.

The evidence at trial showed that a police officer approached Perdue as he sat alone in the

driver's seat of a parked car.[1] The officer recognized Perdue from a previous encounter. After

confirming Perdue's operator's license had been revoked, the officer ordered Perdue to exit the

vehicle. As Perdue did so, the officer observed the top of a syringe sticking out of Perdue's

waistband. The officer asked for, and received, Perdue's consent to search the vehicle. He

found a small metal tin, the size of one often used to package mints, on the driver-side

floorboard. The tin was in a position to move around the floorboard when the vehicle was in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] When presented with a sufficiency challenge on appeal, we review the evidence in the
"light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578
S.E.2d 781, 786 (2003).

motion. The officer opened the tin and discovered not mints but a white residue. Perdue volunteered that he used the syringe to inject crack cocaine into his arm. He had just used cocaine, Perdue admitted, an hour and a half earlier. Perdue added that he cleaned the syringe with water. Laboratory analysis of the tin confirmed that the white residue was cocaine. Perdue was charged with, and convicted of, possessing cocaine.

Under Code § 18.2-250, constructive possession of drugs can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control." Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (citations omitted). Although, standing alone, "mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered" in determining whether the accused constructively possessed drugs. Kelly v. Commonwealth, 41 Va. App. 250, 261, 584 S.E.2d 444, 449 (2003) (en banc) (citation omitted). As has been often said, "in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins, 44 Va. App. at 6, 602 S.E.2d at 404 (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

In this case, Perdue admitted using cocaine as recently as an hour and a half before the officer questioned him. He used the syringe to inject cocaine into his arm and later cleaned the syringe with water. Perdue was the sole occupant of a parked vehicle in which cocaine residue was found. The metal tin containing the residue was at Perdue's feet on the floorboard. Nothing suggested the cocaine residue belonged to someone else. Nor did Perdue make such a claim when he discussed his cocaine use.

On appeal, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (reaffirming Jackson standard). "This deferential standard of review applies not only to the historical facts themselves, but the inferences from those facts as well." McEachern v. Commonwealth, 52 Va. App. 679, 684 n.2, 667 S.E.2d 343, 345 n.2 (2008) (citation and internal quotation marks omitted).

We believe a rational factfinder could easily conclude Perdue constructively possessed the cocaine residue found in the metal tin. We acknowledge, but find unpersuasive, Perdue's assertion that it was just a coincidence that cocaine residue was found at his feet, while alone in a parked car, after having recently used cocaine. The *reasonable* doubt standard, as stringent as it is, recognizes that "[e]vidence is seldom sufficient to establish any fact as demonstrated and beyond *all* doubt." Harris v. Commonwealth, 206 Va. 882, 887, 147 S.E.2d 88, 92 (1966) (citation omitted) (emphasis added). "'Anything is possible,' as Judge Posner has observed, 'but a merely metaphysical doubt . . . is not a reasonable doubt for purposes of the criminal law. If it were, no one could be convicted.'" Joyce v. Commonwealth, 56 Va. App. 646, 666, 696 S.E.2d 237, 247 (2010) (quoting United States v. Ytem, 255 F.3d 394, 397 (7th Cir. 2001)).

For these reasons, we affirm Perdue's conviction for possession of cocaine.


Affirmed.