COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia

UNPUBLISHED

STEVEN EUGENE MASCHO, JR.

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
v.     Record No. 1164-15-3                      MAY 10, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Malfourd W. Trumbo, Judge

Thomas E. Wray for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, a judge of the Botetourt County Circuit Court ("trial court")

convicted appellant Steven Mascho, Jr. of grand larceny[1] and sentenced him to three years in

prison with six months suspended.  Appellant challenges the sufficiency of the evidence

supporting his conviction.  Finding no error, we affirm.

I.  BACKGROUND

Mickey Campbell ("Campbell") lived in a mobile home in the town of Eagle Rock.  His

mother, Margaret Campbell ("Mrs. Campbell") lived nearby on the same property.  In 2010,

Campbell moved from his mobile home to his mother's.  Campbell permitted appellant to stay in

his vacated mobile home between November 2011 and August 2012.  Appellant's girlfriend,

Jessica Crowder, and her infant son lived in that mobile home with appellant.  Other people

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of misdemeanor destruction of property, but does not
challenge that conviction on appeal.

stayed there periodically. The mobile home was furnished, although in need of repair, when appellant and Crowder moved in. However, the home had no working locks.

Over time, any goodwill between appellant and Campbell waned as tensions rose. Campbell evicted appellant and Crowder in August 2012 after appellant behaved aggressively toward Mrs. Campbell. After appellant and Crowder moved out of the home, Campbell noticed that numerous items he kept in the home were missing, including his collection of approximately twenty wolf statues,[2] cases of electronic ballast used in lighting installation, and sports memorabilia autographed by Dale Earnhardt Sr. and Mickey Mantle. In addition, there was extensive damage to the trailer and furnishings (or, as Mrs. Campbell succinctly described it, "it was tee-totally trashed").

Testifying on his own behalf, appellant denied taking any of the property Campbell claimed was missing from the mobile home. Appellant maintained that Campbell had removed items from the mobile home to sell for money to cover his personal expenses. Appellant admitted that he damaged some of Campbell's property during moments of anger. Appellant's father testified that he personally took six wolf statues from the mobile home because Campbell had taken the father's cooler and not returned it, but that he left the remaining wolf statues undisturbed. Although those six statues were recovered, law enforcement did not find the remaining statues or other missing property.

---

[2] Campbell's reports on the scope of his lupine decor varied. He initially reported to law enforcement that he had between fifteen and twenty wolf statues. At trial, he first stated he had twenty to thirty statutes, and later revised that estimate to "between twenty and twenty-six" and "twenty or twenty-five." Further, the evidence conflicts as to what became of the sports memorabilia and the electronic ballast. However, because there is no dispute that the value of the stolen property exceeded two hundred dollars, see Code § 18.2-95, we need not resolve exactly what property Mascho removed from the trailer.

- 2 -

II. ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Appellant contends the Commonwealth's evidence was circumstantial and did not exclude the reasonable hypothesis of innocence that someone else took Campbell's property. Of course, "circumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000). Whether a hypothesis of innocence is reasonable is a factual question an appellate court reviews deferentially. Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004). The mere fact that the defense theory of the case differs from the Commonwealth's does not mean the Commonwealth has failed to exclude every reasonable hypothesis of innocence. Id. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The trial court, sitting as the finder of fact, implicitly rejected appellant's hypothesis of innocence, and the evidence supports that finding of guilt. Appellant lived at Campbell's mobile home for nearly a year. Appellant acknowledged ongoing conflict with Campbell, even

admitting that he damaged Campbell's property in a fit of anger. Campbell evicted appellant after he threatened Mrs. Campbell. Immediately after appellant moved out of the mobile home, Campbell discovered that his property was missing, including sports memorabilia, wolf statues, and electronic ballast. Although appellant did not have exclusive access to the trailer, he had the means, motive, and opportunity to take these items. Accordingly, viewing the evidence in the light most favorable to the Commonwealth and granting to it all reasonable inferences, the trial court did not err in finding the evidence was sufficient to prove appellant guilty of grand larceny.

### III. CONCLUSION

The fact finder here could reasonably have disbelieved appellant's and his father's testimony and found that appellant absconded with Campbell's property. Accordingly, we affirm.

<u>Affirmed.</u>