COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Lorish
Argued at Norfolk, Virginia

TERRY LASHAWN GRIFFIN

                                      MEMORANDUM OPINION[*] BY
v.       Record No. 0086-22-1           JUDGE DANIEL E. ORTIZ
                                         DECEMBER 20, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Michelle C.F. Derrico, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

Terry Lashawn Griffin challenges the sufficiency of the evidence underlying his

conviction for possession of a firearm by a convicted violent felon, in violation of Code

§ 18.2-308.2. Given the court's reliance on the significant amount of circumstantial evidence,

illustrating Griffin's knowledge of the firearm, we cannot say the judgment of the trial court is

plainly wrong; therefore we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). This

standard requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

Chesapeake Police Detective Barrett Ring was running license plates near a suspected gang member's funeral in October 2020 when he determined that an individual named Terry Kelly who was driving a Mazda had an outstanding arrest warrant and that another individual driving a Mustang nearby had a suspended driver's license. Ring conveyed this information to Chesapeake Police Officer Aaron Gosnell, who stopped the Mazda at a gas station. The Mustang also pulled into the gas station parking lot and parked next to the Mazda. Griffin, who was sitting in the front passenger seat, was the Mazda's only occupant other than Kelly. Gosnell detained Kelly while trying to confirm the warrant and did not focus on Griffin.

Ring, who was in street clothes, watched the scene from the same gas station parking lot, "about 20 or 25 feet" away. He observed Griffin remove a satchel from the Mazda and place it in the front passenger's side of the Mustang. Ring did not see where in the Mazda the satchel had been located before Griffin removed it and could not say whether Kelly had handed Griffin the bag. Ring opined that, although the satchel was opaque, he could see there was something heavy in it because the bag was "sunk down." He did not see Griffin open the bag or place anything in it. Griffin then made a phone call and wandered around the parking lot before walking down the street away from the scene at a normal walking pace. Ring did not see anybody else get into the Mustang.

After Chesapeake Police K-9 Officer Casey Hills arrived at the scene, Ring followed Griffin, detained him, and had another officer bring him back to the scene. Hills did not observe anybody get into the Mustang during Ring's absence. After Hills' K-9 alerted to both vehicles following a free air sniff, Gosnell and Hills searched the Mustang and found the bag in the front

passenger seat. Inside the bag were, as relevant here, a Taurus handgun and black earbuds with the initials "TG" engraved on the outside of the case.

Following a bench trial, the trial court convicted Griffin of possession of a firearm by a convicted violent felon. Although the court did not mention the earbuds in its initial explanation, it later clarified "that it did consider the fact that the officers also recovered from the bag the earbuds with the initials 'TG' on them." The trial court sentenced Griffin to five years' imprisonment. This appeal followed.

## ANALYSIS

Appellant contends that the evidence was insufficient to prove that he knew that the firearm was in the bag. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Code § 18.2-308.2(A) provides that it is unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm." "Possession of a firearm may be actual or constructive." *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018). "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which

tend to show that the defendant was aware of both the presence and the character of the [firearm] and that it was subject to his dominion and control.'" *Id.* (quoting *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (*en banc*)). "While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008) (citing *Rawls v. Commonwealth*, 272 Va. 334, 350 (2006)).

Drawing all inferences in the Commonwealth's favor there was sufficient evidence for a reasonable factfinder to conclude beyond a reasonable doubt that Griffin was aware of the firearm. Griffin was a passenger in the Mazda at the time it was detained. Detective Ring observed Griffin exit the Mazda with the bag over his shoulder and get into the Mustang, parked next to the Mazda. Griffin placed the bag in the Mustang, sat in the car for about a minute and then exited the Mustang without the bag. Griffin specifically moved the bag from the vehicle that the police were investigating to one they were not. It is reasonable to infer that Griffin did so in an attempt to prevent the police from discovering the bag and its contents.

Griffin offers a different hypothesis, reasoning that the bag may have belonged to Kelly and that Kelly may have given it to Griffin to move to the Mustang. That argument is undermined, however, by the earbuds case found inside the bag that was engraved with Griffin's—and not Kelly's—initials. Griffin asserts that the officers gave conflicting evidence regarding the earbuds because Gosnell testified to discovering the earbuds, but Hills did not. But Hills' testimony did not contradict Gosnell. Hills did not mention any items found in the bag other than the firearm; he did not testify that the bag contained only the firearm. Although introducing a photograph of the earbuds case may have been stronger evidence, the

Commonwealth was not required to do so, and Griffin has not advanced any argument that Gosnell's testimony about the earbuds case was incredible in any way.

Griffin also asserts that the "trial court did not find evidence of the earbud case worthy of consideration." He is mistaken. The trial court explicitly stated that it considered the earbuds case in reaching its decision. The court said that although it was not stated in the ruling, "it did consider the fact the officers also recovered from the bag the headphones with the initials 'TG' on them." There is no basis to overturn the trial court's factual determination that Gosnell found an earbuds case in the bag with the firearm. The earbuds are strong circumstantial evidence that the bag and its contents belonged to Griffin and not to Kelly.[1] *See Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) ("Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide" (alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004))); *see also Wright v. West*, 505 U.S. 277, 296-97 (1992) (holding that the appellate court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution" (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979))).

Of course, "a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant." *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016). "The choice becomes arbitrary, however, only when no rational factfinder

---

[1] Moreover, "the Commonwealth does not have to prove that possession was exclusive." *Rawls*, 272 Va. at 350. Whether Kelly handed Griffin the bag or whether the firearm belonged to Kelly is irrelevant if Griffin knew the bag he was transporting contained a firearm.

could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Id.*

Here, the evidence more strongly supports the incriminating interpretation, and we conclude that Griffin's close proximity to the firearm and the circumstantial evidence that the items in the bag belonged to him provide sufficient evidence to support his conviction.

CONCLUSION

Because sufficient evidence supports Griffin's conviction, we affirm the trial court's judgment.

*Affirmed.*