COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Callins

JAMES BURTON CHILDRESS

MEMORANDUM OPINION[*]
v.    Record No. 1128-22-3                                    PER CURIAM
                                                             AUGUST 8, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
G. Carter Greer, Judge[1]

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.

The trial court convicted James Burton Childress of statutory burglary and grand larceny.

On appeal, Childress challenges the sufficiency of the evidence to sustain his convictions. After

examining the briefs and record here, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Finding no error, we affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence

of the accused in conflict with that of the Commonwealth, and regard as true all the credible

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Greer presided over Childress's sentencing hearing and signed the sentencing
order. Judge David V. Williams presided over Childress's bench trial.

evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Noel Campbell owned and operated a vineyard and bed and breakfast at his house in Henry County. Childress had worked for Campbell several times in the preceding three or four years, pruning and picking grapes in the vineyard. On August 2, 2021, Campbell returned to his house after visiting his wife in the hospital. He placed his wife's purse, which contained her wedding band, other rings and jewelry, about $30, credit and debit cards, and a watch, on a chair inside the house. Campbell decided to mow his neighbor's yard because he was out of town and Campbell needed to relieve some stress. Accordingly, he walked upstairs to change clothes and placed $260 in cash on his bureau. Although the bed and breakfast was open, Campbell had no guests and had taken no reservations for four or five months due to his wife's health.

As Campbell was leaving his property on his lawn mower, he saw Childress arrive at the vineyard. Campbell could see his driveway from parts of his neighbor's yard and noticed no one else arriving during the approximately 30 minutes it took to mow his neighbor's lawn. Campbell returned to his house right after mowing and noticed that Childress's car was parked in the backyard near the basement, which was unusual. Campbell walked inside and found Childress intoxicated in a basement bedroom. Childress had periodically used the basement bathroom while working in the past, but he was not working that day nor allowed to be inside unless Campbell was home. Accordingly, Campbell instructed Childress to leave, and Childress walked out.

After Childress left, Campbell walked upstairs and discovered that the $260 he left on his bureau was gone. Campbell then walked into the kitchen and realized that his computer, several thumb drives, a DVD drive, external hard drive, and backpack were also missing. Campbell testified that those items were "always" at the end of the kitchen table and had been there earlier that day. Campbell called Childress three times, but he did not answer. A couple of hours later,

Campbell realized that his wife's purse was also missing. Campbell testified that nobody besides Childress was at his house before or after he mowed his neighbor's lawn.

Childress admitted that he was intoxicated and inside Campbell's house on August 2, 2021. He claimed that he met Campbell on the driveway and told him that he planned to put liquor and beer in the refrigerator. According to Childress, when Campbell returned from mowing his neighbor's lawn, he alleged that Childress had stolen liquor the last time he was there and an argument ensued. Childress denied that he stole any items from Campbell's house and claimed that he was there only to drink with Campbell, which was their daily habit. Childress testified that nobody else was at Campbell's house that day.

After argument by counsel, the trial court convicted Childress of statutory burglary and grand larceny. The trial court found that by Childress's "own admission, there was no one else in the house" besides Childress between the time Campbell left the missing items in his house and returned from mowing his neighbor's lawn. Childress appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Secret*, 296 Va. at 228). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the

finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Childress argues that his convictions must be overturned because the evidence failed to establish that he possessed or stole the missing items. He contends that, "[a]t most," the evidence established that the items were present before he arrived at Campbell's house and missing when Campbell discovered him inside. Those circumstances, according to Childress, create only a "strong possibility of guilt," which is insufficient to sustain his convictions. We disagree.

"Larceny is 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" *Goldman v. Commonwealth*, 74 Va. App. 556, 562 (2022) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). Moreover, if any person, with the intent to commit a larceny, "in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house," "he shall be deemed guilty of statutory burglary." Code §§ 18.2-90, 18.2-91. "At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)).

As with any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "[C]ircumstantial evidence is not viewed in isolation." *Id.* (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)). "While no single piece of evidence may be

sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Pijor v. Commonwealth*, 294 Va. 502, 512-13 (2017) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Moreover, "[b]y finding the defendant guilty . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *James v. Commonwealth*, 53 Va. App. 671, 681 (2009) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). That conclusion "is itself a 'question of fact,' subject to deferential appellate review." *Id.* (quoting *Haskins*, 44 Va. App. at 9). Of course, a factfinder "cannot 'arbitrarily' choose, as between two equally plausible interpretations, one that incriminates the defendant." *Id.* at 681-82 (quoting *Haskins*, 44 Va. App. at 9). "The choice becomes *arbitrary*, however, only when 'no rational factfinder' could believe the incriminating inferences and disbelieve the exculpatory inferences." *Id.* at 682 (quoting *Haskins*, 44 Va. App. at 9).

A rational trier of fact could conclude from the circumstantial evidence here that Childress stole the items missing from Campbell's house. When Campbell came home from the hospital, he placed his wife's purse in a chair and $260 on his upstairs bureau. In addition, his computer and other electronic items were at the end of the kitchen table, where they "always" were. Childress arrived at Campbell's house as Campbell left to mow his neighbor's lawn. When Campbell returned thirty minutes later, Childress's car was in the backyard—an unusual spot for him to park—and Childress was intoxicated and impermissibly in the basement. In addition, the $260 in cash, purse, and electronic items were missing. Campbell saw no one else arrive at his house as he mowed his neighbor's lawn. Moreover, as the trial court found, Childress's own testimony established that nobody else was at the house while Campbell was away. *See Lienau v. Commonwealth*, 69 Va. App. 254, 267 n.5 (2018) ("No litigant can successfully ask a court or jury to believe that he has not told the truth." (quoting *Massie v. Firmstone*, 134 Va. 450, 462 (1922))).

A rational trier of fact could readily reject as a reasonable hypothesis of innocence the possibility that another person committed larceny when the evidence shows that the defendant was the only person with access to the stolen items while the items could have been stolen.

Although Childress denied that he had stolen any of the missing items, the trial court was "entitled to disbelieve the self-serving testimony of the accused and to conclude that [he was] lying to conceal h[is] guilt." *Reed v. Commonwealth*, 62 Va. App. 270, 282 (2013) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).  Thus, the combined force of the circumstantial evidence here would allow a rational factfinder to conclude, as the trial court did, that Childress stole the missing items while Campbell was mowing his neighbor's lawn.

CONCLUSION

The Commonwealth's evidence was sufficient to sustain Childress's convictions for statutory burglary and grand larceny.  Accordingly, the trial court's judgment is affirmed.

*Affirmed*.